IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANESSA R. BROWN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | NO.  08- cv-613 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security Administration. ) | |
| ) | |
| **Defendants.** ) | |

# ORDER

**AND NOW**, this 14th day of July, 2009, upon consideration of careful review of Plaintiff's Request for Review [Doc. No. 10], Defendant's Response in Opposition [Doc. No. 15], and Plaintiff's Reply [Doc. No.16], as well as the attached Report and Recommendation of Magistrate Judge Carol Sandra Moore Wells [Doc. No. 20], to which no objection has been filed, and the Record herein, it is hereby **ORDERED** as follows:

1. The Clerk of Court is directed to remove this action from the suspense docket and return it to the active docket;

2. The Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, dated January 29, 2009, is **APPROVED AND ADOPTED** in full;[1]

---

[1] In this action, brought pursuant to 42 U.S.C. § 405(g), Plaintiff seeks reviews of the final decision of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act.  Plaintiff challenges the Administrative Law Judge's ("ALJ") decision that she is not disabled, arguing that the ALJ failed to take into consideration several aspects of the evidence before him regarding Plaintiff's mental state and improperly relied on Medical-Vocational Guidelines.  The Court wholly agrees with the thorough Report and Recommendation ("R & R") of U.S. Magistrate Judge Carol Sandra Moore Wells as to the proper disposition of the Plaintiff's request.  The R & R details how the ALJ, in his written findings and decisions, improperly relied on guidelines and failed to consider certain evidence put forth by the Plaintiff in support of her claim for disability.  Specifically, in his written findings and statements, the ALJ relied solely on Rule 202.20 of the Medical-Vocational Guidelines despite a finding that Plaintiff suffered from depression, a non-exertional impairment, in addition to

3. The Plaintiff's Request for Review is **GRANTED IN PART AND DENIED IN PART**;

4. The case is **REMANDED** in accordance with the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation of Magistrate Judge Wells. Specifically, upon remand, the Administrative Law Judge ("ALJ") should: (a) obtain additional, suitable evidence (vocational expert testimony, use of a learned treatise, or administrative notice with Plaintiff's opportunity to rebut) to determine whether Plaintiff is able to work; (b) include in the residual functional capacity assessment and in posing a hypothetical question to the vocational expert, Plaintiff's deficiency in concentration, persistence, and pace and; (c) reconsider the findings of Janet Horowitz, Psy. D., acknowledging Plaintiff's testimony that her mental impairment limits her daily functioning.

5. The Clerk of court is directed to **CLOSE** this action for statistical purposes.

It is so **ORDERED**.

---

exertional impairments. When a Plaintiff suffers from both exertional and non-exertional impairments the ALJ may not rely solely upon the Medical-Vocational Guidelines, therefore, the case should be properly remanded so that the ALJ may obtain additional evidence that the Plaintiff is able to work. See Sykes v. Apfel, 228 F.3d 259, 267 (3d Cir. 2000).

The Court also agrees with Magistrate Judge Wells' determination that the ALJ failed to account for the Plaintiff's pace limitations when setting Plaintiff's "residual functional capacity" ("RFC"), making the assessment incomplete and remand necessary. See Ramirez v. Barnhart, 372 F.3d 546, 551 (3d Cir. 2004). Additionally, the Court concurs with the finding that the ALJ did not give proper weight to the assessment of the Plaintiff by a Consultive Psychologist and misconstrued the testimony of the Plaintiff, thereby discounting evidence for "no reason or the wrong reason." See Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993).

As the Commissioner has elected not to object to any of the findings or recommendations in the R&R, this Court will not elaborate further on the matter. The R&R will be approved and adopted as provided in this Order.

BY THE COURT:

s/Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**